UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:12CR-76-S

JESSIE SHARTZER                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the objections of the defendant, Jessie Shartzer, to the findings of fact, conclusions of law, and recommendations of the United States magistrate judge that Shartzer's motions to suppress evidence be denied.

The magistrate judge held an evidentiary hearing in this matter and rendered two reports. (DNs 42; 43). The first report addressed Shartzer's challenge to the reliability and timeliness of the evidence offered in the affidavit in support of the search warrant for his home. The second report addressed Schartzer's contention that he was not properly *Mirandized* prior to making certain statements to law enforcement officers. The reports and the objections thereto will be addressed in turn.

I. Search Warrant

Schartzer does not take issue with any of the factual findings made by the magistrate judge. Rather he takes issue with the conclusions the magistrate judge drew from those facts, and his opinion that the affidavit for the search warrant was sufficient to support a finding of probable cause.

The magistrate judge found that in May of 2010, the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began investigating a cache of stolen firearms. In

- 2 -

January 2011, the investigation led them to an individual named Joseph Sanders, who had pawned one of the stolen weapons at a pawn shop in Elizabethtown, Kentucky. ATF agents obtained documentation from the pawn shop identifying the stolen weapon and identifying Joseph Sanders as the seller. On February 2, 2011, Sanders stated in an interview with law enforcement officers that he obtained the weapon, a rifle, from Shartzer, a long-time friend, at Shartzer's home, in trade for three weapons which Sanders identified by type and serial number. Sanders indicated that he had known Shartzer for thirty years. Sanders stated that Shartzer had always lived in the same home which Sanders described to the agents in detail. Sanders stated that he had traded firearms with Shartzer on seven or eight occasions, and that as long as he had known him, Shartzer always kept weapons at his home for business and personal use. Sanders indicated that the trade of weapons involving the stolen weapon in question had occurred approximately three months earlier.

Agents verified that the weapons identified by Sanders were considered "firearms" under federal law. They then determined that Shartzer was a convicted felon, having been sentenced in 2003 for violations of federal firearms laws. The agent who submitted the affidavit for the search warrant indicated that, in his twenty years of specialized experience investigating firearms-related crimes for the ATF, persons who unlawfully trade or sell firearms typically keep records of their transactions in their homes and store weapons there. Sanders provided a detailed description of and directions to Shartzer's residence. The residence was independently verified as belonging to Shartzer. The agent included Sanders' name, birthdate, social security number and address in the affidavit.

Based upon this information, on February 3, 2011, law enforcement officers obtained a search warrant for Shartzer's home.

Shartzer has argued that the information provided by Sanders was insufficient to establish probable cause for issuance of a search warrant. He contends that because the agents did not know Sanders and he had no track record as an informant, he should not have been found to be reliable. Shartzer also contends that the information provided by Sanders was stale because the trade of weapons had taken place almost three months before the weapons was pawned by Sanders and discovered by ATF.

The court must consider the totality of the circumstances, including the informant's veracity, reliability, and basis of knowledge, in order to answer the commonsense, practical question of whether the affidavit establishes probable cause for the issuance of the warrant. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). In citing *United States v. May*, 399 F.3d 817, 824 (6th Cir. 2005), the magistrate judge noted that the reliability of an informant may be substantiated by a set of facts that supports the accuracy of the information supplied by the informant. We have just such a case here. The magistrate judge found, and we agree, that Sanders, identified by name and personal information in the affidavit, was able to provide the agents with (1) detailed information concerning the firearms involved in the transaction, (2) detailed information concerning Shartzer and his habits, ascertained from a 30-year acquaintance and seven or eight firearms transactions conducted with him, and (3) detailed information concerning the residence. The agents confirmed the information concerning the firearms, Shartzer's criminal record, and the residence.

The court will therefore affirm the magistrate judge's determination that the affidavit contained sufficient information to establish probable cause for the issuance of the warrant.

Shartzer contends that the information contained in the affidavit was stale, as the firearms transaction in question occurred some three months prior to their discovery of the stolen weapon and interview of Sanders.

The magistrate judge correctly noted that the question of staleness is fact specific and a finding of staleness may vary considerably depending upon the specific character of the crime and criminal, the thing to be seized, and the place to be searched. *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998).

In this instance, Sanders had known Shartzer for thirty years and had never known Shartzer to be without firearms in his home for personal or business purposes. Sanders had traded weapons with Shartzer at least seven or eight times. Firearms are not perishable, and Shartzer's home was suggested to be a consistent base of operations for firearms dealing. The court agrees with the magistrate judge's conclusion that the lapse of three months did not render the information from Sanders stale.

## II. *Miranda* Warning

Shartzer does not offer any additional argument concerning whether he was properly given the *Miranda* warning prior to making statements at the time of the search of his home. We find no error in the magistrate judge's findings and conclusions that Shartzer was properly *Mirandized.*

The court having conducted a *de novo* review of those portions of the Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge to which the defendant objects, and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact, Conclusions of Law and Recommendations of the United States Magistrate Judge (DN 42; 43) are **ACCEPTED**

**AND ADOPTED IN THEIR ENTIRETY**, and the motions of the defendant, Jessie Shartzer, to suppress evidence (DN 18; 19) are **DENIED.**

**IT IS SO ORDERED.**

April 15, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**